UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. CUNNINGHAM, Booking #18112771, <br><br> Plaintiff, <br><br> vs. <br><br> Dr. TRAN; ARNOLD FAJAYAN; SAN DIEGO SHERIFF'S DEPT., <br><br> Defendants. | Case No.: 3:18-cv-01889-WQH-AGS <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** <br><br> **AND** <br><br> **2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Michael R. Cunningham ("Plaintiff"), while incarcerated at the San Diego County Sheriff Department's George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claims the Sheriff Department's "Medical Services Division," a medical supervisor, and a doctor at the Sheriff Department's Vista Detention Facility ("VDF") violated his Eighth Amendment rights to adequate medical care in June and July 2018. (*Id.* at 1-5.)

1

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  preceding month's income, in any month in which his account exceeds $10, and forwards
2  those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);
3  *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego County Sheriff's Department Inmate Trust Account Activity statements from February 28, 2018 through August 7, 2018. *See* ECF No. 2 at 6-7; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that while Plaintiff had an approximate average monthly deposit of $91.66 to his account, and carried an approximate average monthly balance of $32.55 over the past six months, he had only a $.14 available balance to his credit at the time of filing. *See* ECF No. 2 at 6-7.

Based on this accounting, the Court assesses an initial partial filing fee of $18.33 pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1), but notes Plaintiff may have insufficient funds with which to pay that initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee assessed by this Order because his trust account statements suggest he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Watch Commander at GBDF, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

///
///

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

4

3:18-cv-01889-WQH-AGS

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, the "[c]ourt[] must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading for all purposes."); *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

B. <u>Plaintiff's Allegations</u>

While he was incarcerated at VDF on June 1, 2018, Plaintiff claims he informed Dr. Tran that he has psoriasis, a "skin disease." (*See* Compl., ECF No. 1 at 3.) Plaintiff claims Tran advised him to purchase hydrocortisone cream at the canteen or "regular moisturizing lotion" if hydrocortisone was not available, but that the "jail no longer provide[d] cream for [his] ailment." (*Id.* at 3.)

///

Plaintiff also claims to have complained of a persistent headache and soreness in his right side, and requested a CT scan due to a reported family history of aneurysms. (*Id.* at 4, 13-15, 20.) He then filed no fewer than 31 separate Inmate Requests and Grievance/Appeals over the next 5-week period, dated June 3, 2018 through July 10, 2018, complaining of chronic pain and demanding to know why his "head CT scan" had been "deferred by Case Management." (*Id.* at 4, 10-11, 13-17, 19-39, 42, 44.)

Defendant Arnold Fajayan, a Medical Supervisor, responded to these requests and "explained … that [Plaintiff] would have to get a second opinion," for which he would be "financially obligated" if he wanted further medical treatment because "a CT head scan [wa]s not medically indicated," and his medical record indicated that he "present[ed] with [a] normal intact neurological exam based on onsite physician clinical findings" made during "6/1, 6/6, 6/13 & 6/28 evaluations." (*Id.* at 5, 9, 12, 30.)

Plaintiff's attached exhibits, comprised on his various inmate appeals and their responses, confirm that while his doctors determined a CT head scan was not required, he had an X-ray for an "unrelated stomach issue" in May 2018, and was nevertheless examined by nurse practitioners and doctors on June 10, 13, 14, 18, and 28, and again on July 5 and 8, 2018 based on his repeated reports of head and side pain. For this he was prescribed Tylenol, Motrin/Ibuprofen, and Topomax, and advised to "finish [his] medication regimen," but he claims "nothing was helping." (*Id.* at 5, 16, 22, 35-38, 41, 44.)

Plaintiff concludes that Dr. Tran, the County Sheriff Department's Medical Services Division, and Medical Supervisor Fajayan all acted "deliberately indifferent to [his] medical needs," and therefore violated the Eighth Amendment. (*Id.* at 3-5.) He seeks injunctive relief in the form of a "further medical exam … [to] be conducted at a hospital," asks that "the bill … be included," and for $10,000 in damages. (*Id.* at 7.)

C. <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*

*Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Sheriff's Department Medical Service Division

First, to the extent Plaintiff names the San Diego Sheriff's Dept. Medical Services Division as a Defendant, he fails to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement department (like the Sheriff's Department or its Medical Service Division) is not a proper party. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The Medical Services Division of the San Diego Sheriff's Department is managed by and/or a department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of*

*Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the Medical Services Division of the San Diego Sheriff's Department. *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff intends to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity is liable under section 1983 only if Plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts the injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

### E. Eighth Amendment Medical Care Claims—Defendants Tran & Fajayan

There is no question that medical officials employed by a municipal jail or state prison act "under color of state law" when they provide medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.").

Therefore, in order to determine whether Plaintiff has pleaded a plausible claim for relief against Defendants Tran and Fajayan based on their alleged denials of medical care, the Court must review Plaintiff's Complaint and decide whether it contains sufficient "factual content that allows [it] to draw the reasonable inference" that "[the] Government-official defendant, through the official's own individual actions, has violated the Constitution," and thus, may be held "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 676, 678.

Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), citing *Estelle*, 429 U.S. at 103-104. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*,

836 F.3d 1239, 1248 (9th Cir. 2016). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

At the screening stage of these proceedings, the Court will assume that both psoriasis, which Plaintiff describes as a "skin disease," *see* Compl., ECF No. 1 at 3, and chronic head pain, when coupled with an alleged family history of aneurysm, *id.* at 4, 13, 21, are sufficient to show objectively serious medical needs. *See McGuckin*, 974 F.2d at 1059; *Solomon v. Felker*, No. 2: 08-CV-2544 KJN P, 2015 WL 1469165, at *12 (E.D. Cal. Mar. 30, 2015) (citing cases distinguishing between "mere dry-skin condition[s]" which are insufficient to "rise to the level of an objectively serious medical condition," and others, including eczema and involving cracked skin, sores, bleeding, itching, and elevated blood pressure, which can "constitute[] a serious medical need such that the failure to provide plaintiff with lotion would constitute deliberate indifference."); *Ramirez-Garcia v. Ryan*, No. CV 12-2678-PHX-RCB, 2013 WL 5890734, at *2 (D. Ariz. Nov. 4, 2013) (assuming without discussion that inmate's "severe headaches," "repetitive vomiting," and subsequent aneurysm were sufficiently serious medical needs for purposes of screening pursuant to 28 U.S.C. § 1915A).

However, even assuming Plaintiff's psoriasis, headaches, and side pain were sufficiently serious conditions, his Complaint nevertheless fails to include any further "factual content" to show that either Defendants Tran or Fajayan acted with "deliberate indifference" to his needs. *McGuckin*, 974 F.2d at 1060; *Jett*, 439 F.3d at 1096; *Iqbal*, 556 U.S. at 678. "Deliberate indifference is a high legal standard." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)).

///

Specifically, while Plaintiff claims Dr. Tran "refused to provide" medicated cream for his psoriasis, and Fajayan failed to authorize a head CT scan for his chronic pain, *see* ECF No. 1 at 3-5, the multiple Inmate Requests and Grievance/Appeals he offers as exhibits in support belie "any reasonable inference" that either of them acted with "deliberate indifference" to his needs. *See Iqbal*, 556 U.S. at 678; Compl., ECF No. 1 at 10-11, 13-17, 19-39, 42, 44. Instead, these exhibits show that despite Plaintiff's belief to the contrary, trained medical staff concluded "a CT head scan [wa]s not medically indicated," because he "present[ed] with [a] normal intact neurological exam based on onsite physician clinical findings" made during at least seven separate examinations over the course of a five-week period, during which he was prescribed at least three different types of medication for pain. (*See* Compl., ECF No. 1 at 5, 9, 12, 30.)

To state an Eighth Amendment claim, Plaintiff's Complaint must contain "sufficient factual matter," and not just "labels and conclusions," *Iqbal*, 556 U.S. at 678, to plausibly show Defendant Tran and Fajayan's "purposeful act or failure to respond to [his] pain or possible medical need," *and* the "harm caused by [this] indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Nothing in Plaintiff's Complaint shows either—and "[a] difference of opinion between a physician and the prisoner–or between medical professionals–concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); *Wilhelm*, 680 F.3d at 1122-23. Instead, Plaintiff must plead facts sufficient to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendant[] chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citation and internal quotations omitted); *Hamby*, 821 F.3d at 1092. He fails to do so.

Accordingly, the Court finds that Plaintiff's Complaint, considered together with the exhibits he has attached, fails to state a plausible Eighth Amendment inadequate

medical care claim against any named Defendant, and that therefore, it is subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Watch Commander of GBDF, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California, 92158.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard*

12

*Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 1, 2018

Hon. William Q. Hayes
United States District Court