UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. CUNNINGHAM,<br>Booking #18112771,<br>          Plaintiff,<br>vs.<br>Dr. TRAN; ARNOLD FAJAYAN;<br>SAN DIEGO SHERIFF'S DEPT.,<br>         Defendants. | Case No. 3:18-cv-01889-WQH-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Michael R. Cunningham ("Plaintiff"), while incarcerated at the San Diego County Sheriff Department's George Bailey Detention Facility in San Diego, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, on August 13, 2018. (*See* Compl., ECF No. 1.) Plaintiff claimed the Sheriff Department's "Medical Services Division," a medical supervisor, and a doctor at the Sheriff Department's Vista Detention Facility violated his Eighth Amendment rights to adequate medical care in June and July 2018. (*Id.* at 1-5.)

**I. Procedural History**

On November 1, 2018, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which relief

could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 3.) Plaintiff was informed of his various pleading deficiencies, and granted 45 days leave in which to file an amended complaint that fixed them. (*Id.* at 6-12.) Plaintiff was further cautioned his failure to amend would result in the dismissal of his case. (*Id.* at 13, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

More than two months have passed since the Court's November 1, 2018 Order, and Plaintiff's amended complaint was due on or before December 17, 2018.[1] But to date, Plaintiff has failed to file an amended complaint, and has not requested an extension of time in which to do so.[2] "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

///

---

[1] Because the 45 day period for amendment elapsed on December 15, 2018, which fell on a Saturday, Plaintiff had until Monday, December 17, 2018, to comply with the Court's November 1, 2018 Order. *See* Fed. R. Civ. P. 6(a)(1)(C).

[2] In fact, the Court's November 1, 2018 Order was returned as undeliverable by the U.S. Post Office on November 13, 2018 (ECF No. 4), and Plaintiff has filed nothing since. It appears he is no longer in the custody of the San Diego County Sheriff's Department. *See* https://apps.sdsheriff.net/wij/WijAList.aspx?LastName=Cunningham&FirstName=Michael (last visited Jan. 15, 2019). The Local Rules of this Court provide that "[a] party proceeding pro se must keep the court and opposing parties advised as to current address. If mail addressed to a pro se plaintiff by the clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of the plaintiff's current address, the court may dismiss the action without prejudice for failure to prosecute." S.D. Cal. CivLR 83.11.b. Those 60 days elapsed on January 14, 2019, since January 13, 2019 fell on a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's November 1, 2018 Order (ECF No. 3).

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: January 28, 2019

Hon. William Q. Hayes
United States District Court